McFaelaND, J.,
delivered tbe opinion of the Court.
The complainant filed this bill in the Chancery Court at Springfield on the 9th of April, 1861, in which he charges, in substance, that on the 7th of April, 1860, one G. W. Moulton obtained a judgment before a Justice of the Peace of Robertson county against Jacob Pitt, as principal, and Thomas Woodward, jr., as security, for $459.64 and costs, and that on the same day the judgment was stayed by G. W. Walton. On the 7th December, 1860, an execution issued upon said judgment against Jacob Pitt as principal, Thomas Woodward, jr., as security, and G. W. Walton as stayor; and the said Pitt and Walton in the meantime having failed, and having no property subject to execution, such execution was levied on the property of Thomas Woodward, jr., the security. The complainant further states that said Thomas, jr., was his son, and that, not desiring to see his property sold to pay a security debt, he, the complainant, purchased the judgment from Moulton, and had it assigned to him; and although the bill does not in terms say so, yet it shows, by necessary implication, that he released the. levy, upon the property of Thomas Woodward, jr.
An alias execution was issued upon said judgment, at the instance of the complainant, and there being no property of the principal or the stayor subject to levy, the object of this bill is to reach a debt due from the defendants, Cheatham and others, to said Walton, and appropriate the same to the payment of this judgment.
*52 The defense is, that the first execution having been levied upon the personal property of Thomas "Woodward, jr., the original security, this operated as a satisfaction of the judgment as to Walton, the stayor. The argument concedes that the determination of this question depends upon whether Woodward, jr., the security, or Walton, the stayor, is to be regarded as primarily liable for the judgment. For while it might be true that the original creditor, Moulton, might treat them all as principals to him, especially if the judgment did not show the order of their liability, yet it is certainly true, that if, in reality, Woodward, the security, was liable before Walton, the stayor, and the personal property of said Woodward, of value sufficient to satisfy the judgment, had been levied upon, the present complainant would not be authorized to purchase the judgment, and release the levy, and then hold Walton, who occupied the attitude of security to Woodward, jr., liable to him for the judgment. So the question has been argued, whether Walton become the security for the stay of execution at the instance of Pitt, the original debtor, or whether Woodward, jr., the security, also joined in the request, or consented to the stay being entered, so as to constitute Walton stayor for both principal and surety; and a construction of secs. 3061 and 3062 of the Code is called for. In the view we have taken of the case, this is not necessary. The equity of the bill is predicated upon the assumption that Walton, the stayor, is first liable; for it is clear, if the converse be true, and Woodward, the security, be first liable, then, as *53 the hill admits that the complainant has released a levy upon the property of Woodward, he can not be entitled to satisfaction out of the property of Walton. The question of fact, whether in reality Woodward, the security, joined in the request or consented to the execution being stayed by Walton, although proof has been taken upon it, is not raised by the pleadings.
The bill simply alleges that the judgment was rendered against Pitt, principal, and Woodward, security, and on the same day Walton became stayor; but at whose instance or request, the bill does not allege. Taking this statement of the bill without more, the inference would be clear that Walton was the stayor of both parties.
If, as the bill shows, the judgment was against the two, and the name of the stayor was entered without any qualification or explanation, prima facie he would be the stayor of both parties. It is true that any one interested in the question might aver and prove that in reality the stayor had become bound at the request of the principal debtor alone. As we have seen, however, the bill does not raise this question, hut simply states the attitude of the parties upon the Justice’s record. This being so, we can not examine this question of fact. It is not raised by the pleadings, and so we must take it that Walton was the stayor of both the principal debtor and the security: the bill in substance so avers. And as it appears that a levy upon the property of the security was released by the complainant, it results that he is enti- *54 tied to no relief against "Walton; but as to him, the judgment is to be regarded satisfied.
In strictness, the demurrer should have been sustained. These principles are not in conflict with the cases of Chaffin v. Campbell, 4 Sneed, 184; Grissom v. Moore, 1 Sneed, 361.
We should probably arrive at the same conclusion upon other grounds, but it is not necessary to discuss the other questions raised in argument.
The Chancellor’s decree in favor of the defendant will be affirmed.